[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1386

LYNNE STANDIFIRD,

Plaintiff, Appellant,

v.

TOWN OF BOXBOROUGH,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Boudin, Circuit Judge.

Lynne Standifird on brief pro se.
John J. Davis, John J. Cloherty, III, and Pierce, Davis &
Perritano, LLP on brief for appellee.

October 16, 2000

**Per Curiam**.  Plaintiff Lynne Standifird appeals pro se from the district court's grant of summary judgment in favor of defendant, Town of Boxborough, on her claim pursuant to 42 U.S.C. § 1983, arising out of a traffic stop by one of defendant's police officers. Review of a district court's summary judgment order is *de novo*.  Soileau v. Guilford of Maine, Inc., 105 F.3d 12, 14 (1st Cir. 1997).  Having reviewed the record in the light most favorable to plaintiff and resolving all reasonable inferences in her favor, we conclude, essentially for the reasons stated by the district court, that there is no genuine issue as to any material fact and that defendant is entitled to summary judgment.

Plaintiff also appeals from the district court's denial of her motion for default judgment to be entered against defendant for untimely filing its notice of removal and answer to the complaint.  Our careful review of the record reveals that the notice of removal was timely filed, measured pursuant to Fed.R.Civ.P. 6(a), within thirty days of defendant's receipt of the complaint. See 28 U.S.C. § 1446(b).  Defendant filed its request for an enlargement of time to file a responsive pleading to the complaint seven days after the time for filing a responsive pleading had expired. See Fed.R.Civ.P. 81(c).  However, the district court has discretion to grant such a

request for enlargement of time "where the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b). "The district court is afforded great leeway in granting or refusing enlargements and its decisions are reviewable only for abuse of that discretion." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 584 (1st Cir. 1994)(citations omitted). There was no abuse of discretion here.

Finally, plaintiff argues on appeal that the district court erred in failing to address her state-law claims. "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." Rodriguez v. Doral Mortgage Co., 57 F.3d 1168, 1177 (1st Cir. 1995). Here, however, the district court's grant of summary judgment makes no mention of any state-law claims.

At this stage of the proceedings, plaintiff cannot profitably argue that the district court ought to have remanded her case to state court because it raised no federal claims. Plaintiff has waived any such argument by asserting in her opposition to summary judgment, her motion for reconsideration, and her appellate brief that there are genuine issues of fact precluding summary judgment in defendant's favor on the Fourth

Amendment claim.

However, plaintiff may be on stronger ground with respect to her objection to the court's failure to address her state-law claims. Plaintiff, proceeding pro se, consistently maintained below, as she does on appeal, that she seeks relief pursuant to state law (although she has not clearly explained what her state-law claims are). In these circumstances, we think the district court judgment ought to be without prejudice to any supplemental state-law claims.

The judgment of the district court granting defendant's motion for summary judgment is modified to provide for dismissal of any state-law claims without prejudice. As modified, the judgment is affirmed.